IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| IN THE WIND, LLC ) | CASE NO. 19-81991-CRJ11 |
| ) | CHAPTER 11 |
| Debtor, ) | |
| ) | |

## MOTION TO LIFT THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR THE GRANT OF ADEQUATE PROTECTION

COMES NOW EvaBank, by counsel, and in accordance with §§ 105(a), 361, 362, and 554(b) of the Bankruptcy Code, Bankruptcy Rules 4001 and 6007, and Local Rules 4001-1 and 6007-1, moves the Court to lift the automatic stay or, alternatively, for the grant of adequate protection as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 554, 11 U.S.C. § 362 and related code sections and rules. This matter is a core proceeding.

2. EvaBank consents to the entry of orders and judgments by this Court in this proceeding.

### BACKGROUND

3. On July 19, 2019, the Debtor filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), thereby commencing this Chapter 11 case. The Debtor continues to operate as debtor-in-possession under §§ 1107 and 1108 of the Bankruptcy Code.

4. Prior to the filing of the bankruptcy petition, EvaBank had a collateralized loan with the Debtor for eight (8) trucks and trailers:

    A. The Debtor, In the Wind, LLC ("Debtor"), on or about November 2, 2015, executed and delivered to EvaBank a promissory note in the amount of $1,342,929.22 securing nine 2016 Kenworth trucks, five 1999 Trailmobile trailers, two 2000 Trailmobile trailers, two 2004 Utility trailers, two 2005 Utility trailers, one 2000 Wabash and one 1999 Peterbilt truck, whereby Debtor promised to pay to EvaBank or order $22,311.22 monthly with interest at the rate of 6.0% per annum.

    B. Several of the trucks/trailers were later sold by ITW and the debt was reduced to $646,746.25.

    C. The Debtor, In the Wind, LLC ("Debtor"), on or about November 2, 2015, executed and delivered to EvaBank a renewal promissory note in the amount of $646,746.25 securing three 2016 Kenworth trucks, one 2015 Kenworth truck, one 1999 Peterbilt truck and three 2016 Utility Reefer trailers whereby Debtor promised to pay to EvaBank or order $16,272.46 monthly with interest at the rate of 6.470% per annum.

    D. The remaining trucks and trailers securing the debt are as follows:

2016 Kenworth truck VIN# 1XKYD49X7GJ125827

2016 Kenworth truck VIN# 1XKYD49X7GJ125830

2016 Kenworth truck VIN# 1XKYD49X9GJ125831

2015 Kenworth truck VIN# 1XKAD49X9FJ447434

1999 Peterbilt truck VIN# 1XP5D69X0XN474572

2016 Utility Reefer trailer VIN# 1UYVS253XGM691105

2016 Utility Reefer trailer VIN# 1UYVS2531GM691106

2016 Utility Reefer trailer VIN# 1UYVS2538GM691104

5. The Debtor was delinquent on the payments for the trucks and trailers at the filing of the petition on July 1, 2019 for the months of March-June, 2019 and has made no payments on the truck loan since the petition was filed, although Debtor has continued use and control of the vehicles. The Debtor is currently in arrears in the amount of $82,362.30. The current payoff is $667,591.94.

6. At the time of filing this motion, EvaBank has not been able to inspect its collateral. EvaBank believes that there is no equity in its vehicles as it is unknown whether the vehicles have been properly maintained, either by the Debtor or its customers. The Debtor has valued the trucks below the amount owed.

7. EvaBank believes that these vehicles are not necessary for the reorganization of Debtor, and that EvaBank should be granted relief from the automatic stay imposed by 11 U.S. C. § 362 as to the foregoing property, and these vehicles should be abandoned from this estate.

8. Alternatively, EvaBank is entitled to adequate protection of its interest in said vehicles in the form of periodic cash payment, the maintenance of insurance by Debtor, and the performance of Debtor of other material provisions of the security instruments covering the eight trucks and trailers.

9. The Debtor may not have adequate insurance on the vehicles and

EvaBank may not be adequately protected.

10. EvaBank requests that the order granting relief from the stay entered in this case be excepted from the stay provisions of Bankruptcy Rule 4001 a){3}, or alternatively, grant adequate protection.

11. As of this date, EvaBank is owed a balance of $667,591.94 on its loan covering the 5 trucks and 3 trailers.

12. Attached are the notes, security instruments and Guarantees identified by affidavit.

WHEREFORE, EvaBank moves the Court to grant relief from the automatic stay or, alternatively, for the grant of adequate protection as aforesaid; and, EvaBank requests such other relief to which it may be entitled in the premises.

Respectfully submitted,

John R. Lavette
Attorney for EvaBank

OF COUNSEL:
MORRIS & LAVETTE, P.C.
2131 Third Avenue North
Birmingham, AL 35203
Telephone: (205) 254-3885

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served, by ECF filing where applicable or by placing a copy to each in the U.S. Mail first-class postage prepaid this the 7th day of July, 2019 to the following:

Richard L. Collins (by ECF filing)
Attorney at Law
P O Box 669
Cullman, AL 35056
richard@rlcollins.com

Richard M. Blythe (by ECF filing)
Assistant U.S. Bankruptcy Administrator
Northern District of Alabama
Post Office Box 3045
Decatur, Alabama 35602

In The Wind, LLC (by U.S. Mail)
P O Box 103
Vinemont, AL 35179

John R. Lavette