IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In the Matter of: )
  )  Case No. 19-81991
In The Wind, LLC )
  EIN: xx-xxx-5230 )  Chapter 11
  )
Debtor )

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 366 FOR ORDER (I) APPROVING DEBTOR'S ADEQUATE ASSURANCE OF POST-PETITION PAYMENTS TO UTILITY COMPANIES AND DEEMING UTILITY COMPANIES ADEQUATELY ASSURED, (II) PROHIBITING THE UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONNECTING SERVICES, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE, NUNC PRO TUNC**

COMES NOW, In the Wind, LLC, pursuant to §§ 105 and 366 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), moves this Court (the "Motion") to enter an order (i) approving Debtor's adequate assurance of post-petition payments to the Utility Companies (as defined herein) and deeming the Utility Companies adequately assured; (ii) prohibiting the Utility Companies from altering, refusing, or disconnecting service on account of pre-petition invoices; and (iii) establishing procedures for resolving subsequent requests, if any, for additional adequate assurance of payment by the Utility Companies, nunc pro tunc, and states as follows:

## JURISDICTION AND VENUE

1. From July 1, 2019 (the "Petition Date"), Debtor filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. Debtor continue to operate businesses and manage assets as debtor-in-possession pursuant to §§ 1107(a) and 1108.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtor's chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§ 105(a) and 366 of the Bankruptcy Code.

## RELIEF REQUESTED

3. By this Motion, Debtor respectfully request the entry of an order, pursuant to § 366 of the Bankruptcy Code: (i) approving Debtor's adequate assurance of post-petition payments to the Utility Companies and deeming the Utility Companies adequately assured; (ii) prohibiting the Utility Companies from altering, refusing, or disconnecting service on account of pre-petition invoices, and (iii) establishing procedures for resolving subsequent requests, if any, for additional adequate assurance of payment by the Utility Companies.

# BASIS FOR RELIEF

**A.    Importance Of Uninterrupted Utility Services.**

4.     Debtor leases a lot and shop in order to park and store its trucks and conduct maintenance on its trucks. In connection with the operation of its business and the management of its assets, Debtor obtain telephone, electricity, gas, water, sewer, waste management, and other similar services (collectively, the "Utility Services") from different companies (the "Utility Companies"). Attached hereto as Exhibit "A" is a list of all, or substantially all, of the Utility Companies providing services to Debtor as of the Petition Date.

5.     Should one or more of the Utility Companies refuse or discontinue service even for a brief period, operations of Debtor would be severely disrupted. Such an interruption would damage customer relationships, revenue, and profits and would ultimately adversely affect Debtor's efforts to reorganize. Moreover, such an interruption would result in a diminution in value of Debtor's assets and cause irreparable harm to Debtor's estates. Maintaining uninterrupted Utility Services is essential to Debtor's ability to maintain its business operations and to preserve the value of its assets.

6.     Pursuant to § 366 of the Bankruptcy Code, in the thirty-day period beginning on the petition date in chapter 11 cases, a utility may not alter, refuse, or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of the case or the failure of debtor to pay a pre-petition debt. Utilities arguably may discontinue service, however, if debtor does not, within twenty days following the petition date, provide adequate assurance of its future performance of post-petition obligations to them. Section 366 of the Bankruptcy Code provides, in pertinent part:

> (a)    Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or debtor solely on the basis of the commencement of a case under this title or that a debt owed by debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b)    Such utility may alter, refuse, or discontinue service if neither the trustee nor debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.

11 U.S.C. § 366(a)-(b). Section 366(c)(2) of the Bankruptcy Code further provides, however, that:

> (2)    Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

Id. at § 366(c).

7. The policy underlying § 366 of the Bankruptcy Code is to protect Debtor from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that debtor will pay for post-petition services. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306.

8. As set forth herein, this policy is furthered by the relief requested through the Motion.

**B.  The Proposed Adequate Assurance.**

9. Previously, Debtor has requested authorization to use cash collateral which, if approved, will provide Debtor with sufficient availability of funds with which to pay all post-petition utility charges. Debtor submits that the revenue generated from normal business operations is sufficient adequate assurance of timely payment of future utility services.

10. Debtor's aggregate monthly expenditure for all of the Utility Services provided by all of the Utility Companies, is approximately $1,200.00 to $1,800.00.

11. In the event Debtor fails to timely pay for post-petition Utility Services, the affected Utility Company would be permitted to submit a payment request to Debtor in the amount of the unpaid charges for the post-petition services. The Payment Request requires only that the Utility Company: (i) certify that Debtor defaulted in the payment of post-petition Utilities Services; (ii) state the amount on account of such Utility Services that are due, outstanding, and unpaid; (iii) certify that the amount is not and does not relate to an additional adequate assurance request; and (iv) provide wire transfer or other payment instructions. The Payment Request shall be sent to Debtor's counsel, by electronic mail or by fax, with a copy sent by U.S. Mail, as set forth in therein.

12. Upon receipt of the Payment Request, Debtor shall have five business (5) days within which to either resolve the Payment Request with the Utility Company, to cure the aforementioned payment default, or seek immediate redress from the Court. Pending resolution and/or disposition of any disputed matter by the Court, the Utility Company may not alter, refuse, or discontinue services to Debtor. Any payments made to the Utility Companies with respect to such Payment Request shall be without prejudice to any and all rights, claims and/or defenses of Debtor, including but not limited to Debtor's right to contest such Payment Request in this Court, or any court with jurisdiction.

**C.  The Additional Assurance Request Procedures.**

13. Debtor anticipates that certain of the Utility Companies may not find the Utility Bonds "satisfactory" and may request additional adequate assurance of payment pursuant to § 366(c)(2) of the Bankruptcy Code. Accordingly, Debtor proposes the following procedures to address requests for additional adequate assurances (the "Additional Assurance Request Procedures"):

> (a)  In the event that a Utility Company maintains that the Utility Bonds are unsatisfactory as adequate assurance of payment, the Utility Company must serve a request (a "Request") for adequate assurance in addition to or in lieu of its rights in the

Utility Bonds so that it is received by the following person within thirty (30) days of the Petition Date (the "Request Deadline"): (i) Richard L. Collins, Esq., P O Box 669, Cullman, AL 35055, email: richard@rlcollins.com; and (ii) Counsel to Debtor's post-petition lender;

(b) The Request must: (i) be made in writing, (ii) set forth the location for which utility services are provided, (iii) specify the amount and nature of assurance of payment which would be satisfactory to the Utility Company, (iv) set forth a list of any deposits or other security being held by the Utility Company, and (v) set forth a fax and electronic mail address to which Debtor's counsel may respond to the Request;

(c) Within the greater of twenty (20) days from the receipt of a Request or thirty days (30) days from the Petition Date, Debtor will either (i) advise the Utility Company in writing that the Request is acceptable, (ii) consensually resolve the Request with the Utility Company, or (iii) contest the Utility Company's request pursuant to § 366(c)(3) of the Bankruptcy Code and request that the Court set a hearing (the "Determination Hearing") to be held on same.

(d) If Debtor agrees that the Request is acceptable, or Debtor and the Utility Company consensually resolves the Request before the Determination Hearing, Debtor may remove the Utility Company from Exhibit "A";

(e) The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Utility Deposit Account and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to § 366(c)(3)(A) of the Bankruptcy Code;

(f) Debtor and the Utility Company shall negotiate in good faith regarding the assurance of payment to be furnished to such Utility Company and may enter into agreements for adequate assurance without further order of the Court;

(g) The Utility Company that made the Request that is the subject of a Determination Hearing may not alter, refuse, or discontinue services to Debtor until the Request is heard and resolved by the Court;

(h) Pending further order of the Court, regardless of whether a Utility Company files a Request as set forth herein, Debtor shall pay on a timely basis, in accordance with pre-petition practices, all undisputed invoices with respect to post-petition Utility Services rendered by any Utility Company within the meaning of § 366 of the Bankruptcy Code; and

(i) Any Utility Company that does not serve a Request by the Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of § 366(c)(2) of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of Debtor's chapter 11 cases.

14. To the extent that Debtor subsequently identifies additional providers of Utility Services or determines that an entity was improperly included as a Utility Company, Debtor seeks authority, in its sole discretion and without further order of Court, to amend Exhibit "A" to add or delete any Utility Company. Debtor proposes to have the terms of the proposed order attached hereto apply to any such subsequently identified Utility Company. Moreover, for those Utility Companies that are subsequently

added to Exhibit "A", Debtor will serve a copy of this Motion and the order entered with respect to the Motion on such Utility Company, along with an amended Exhibit "A". Such subsequently added entities would then have twenty (20) days from service of this Order to make a Request. For any entity that is removed from Exhibit "A", Debtor shall provide notice of such entity's removal and such entity will have an opportunity to object.

15. To the extent any entity that is not listed on Exhibit "A" believes it to be a utility within the meaning of § 366 of the Bankruptcy Code, that entity must make a written request to be added to Exhibit "A" within twenty (20) days of the date of the Court's order granting the relief requested herein. Failure to make a written request within the twenty-day time period bars such entity from terminating the services it provides to Debtor, absent further order of the Court.

## APPLICABLE AUTHORITY

16. Under § 366 of the Bankruptcy Code, the Court may determine the standards for adequate assurance of future payments for utility companies. Bankruptcy courts have the exclusive responsibility for determining what constitutes adequate assurance for payment of post-petition utility charges and are not bound by local or state regulations. See generally, Matter of RobMac, Inc., 8 B.R. 1 (Bankr. N.D. Ga. 1979) (adequacy of assurance is not determined by state public service commission or similar rule-making entity); In re Stagecoach Enterprises, Inc., 1 B.R. 732 (Bankr. M.D. Fla. 1979) (same). See also In re Central Foundry Co., 62 B.R. 52, 55 (Bankr. N.D. Ala. 1985) (rejecting gas company's argument for demand charges based on state utility laws); In the Matter of Fountainebleau Hotel Corp., 508 F.2d 1056, 1059 (5th Cir. 1975) (finding that a telephone company's tariffs, giving company right to demand deposit, are no different from any state law and, therefore, subordinated to federal bankruptcy law). While the utility company may initially set an amount of deposit, ultimate determinations of adequate assurance under § 366 are fully within the Court's discretion. See generally, e.g., Stagecoach, 1 B.R. 732; RobMac, 8 B.R. 1; In re Tarrant, 190 B.R. 704 (Bankr. S.D. Ga. 1995); and In re Marion Steel Co., 35 B.R. 188, 195 (Bankr. D. Ohio 1983).

17. "Adequate assurance" under § 366 is not synonymous with "adequate protection." In determining adequate assurance, the Court must determine only that the Utility Companies are not subject to an unreasonable risk of nonpayment for post-petition services. In Adelphia Business Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002), the Bankruptcy Court for the Southern District of New York stated that "in determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for post-petition services." See also In re Caldor, Inc., 199 B.R. 1 (Bankr. S.D.N.Y. 1996); In re Santa Clara Circuits West, Inc., 27 B.R. 680, 685 (Bankr. D. Utah 1982); In re George C. Frye Co., 7 B.R. 856, 858 (Bankr. D. Me. 1980). Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and

circumstances of each case. See Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80; In re Keydata Corp., 12. B.R. 156 (B.A.P. 1st Cir. 1981).

18.     In this case, the Utility Companies do not face an unreasonable risk of nonpayment by Debtor. As demonstrated below, the Utility Companies are adequately assured of payment by the establishment of the Utility Deposit Account, which is one of the acceptable forms of adequate protection set forth in §§ 366(b) and 366(c)(1) of the Bankruptcy Code. Additionally, the Utility Companies may still request modification of such adequate assurance upon notice and a hearing and may further exercise their rights under § 366(c)(2) of the Bankruptcy Code. Finally, Debtor submit that it will be able to continue paying for all post-petition utility services from the proceeds of its operations and funds provided by Debtor's proposed debtor-in-possession credit facility.

**A.      Utility Companies Are Adequately Assured Of Payment.**

19.     Pursuant to § 366(b) of the Bankruptcy Code, a debtor must furnish what it considers to be adequate assurance of payment within twenty (20) days after the entry of the order for relief in the form of a deposit or other security for post-petition service. 11 U.S.C. § 366.

20.     Debtor submit that it will be able to pay for future utility services in the ordinary course of its business operations.

**B.      The Additional Assurance Procedures Balance The Interests Of The Utility Companies with The Interests Of Debtor.**

21.     Pursuant to § 366(c)(2) of the Bankruptcy Code, a utility is permitted to alter, refuse, or discontinue utility service, if the utility does not receive "during the 30-day period beginning on the date of the filing of the petition . . . adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366.

22.     Conceivably, one of the Utility Companies could make a last-minute demand upon Debtor pursuant to section 366(c) and threaten termination of services. To avoid such a result, Debtor have proposed the Additional Assurance Request Procedures which balance the interests of the Utility Companies with the interests of Debtor by preserving the protections that the Utility Companies enjoy under the Bankruptcy Code while affording Debtor an opportunity to provide and negotiate adequate protection without facing the threat of imminent termination of Utility Services.

23.     Specifically, Debtor proposes to require the Utility Companies to provide notice of their demands for assurance within thirty (30) days from the Petition Date. Within the greater of twenty (20) days of Debtor's receipt of a Request or thirty (30) days from the Petition Date, Debtor will advise the Utility Company whether it finds the request acceptable or whether Debtor intend to contest the request pursuant to § 366(c)(3) of the Bankruptcy Code. If the request for additional assurances cannot be resolved within this time period, Debtor will be required to request that a hearing be held on the same.

24. Under the foregoing procedures, Debtor will be afforded the opportunity to seek an order from the Court modifying an adequate assurance request from a Utility Company without having to first satisfy the demands of the Utility Company and without facing the prospect of termination of Utility Services prior to a hearing on the Request.

25. Without the relief requested herein, Debtor would have no choice but to pay whatever amounts the Utility Companies may demand in the form of deposits or other security, no matter how unreasonable, or face the termination of Utility Services and the detrimental consequences that would follow.

## RESERVATION OF RIGHTS

26. Although Debtor has attempted to list on Exhibit "A" attached hereto all entities providing services that arguably may qualify as "utilities" under § 366 of the Bankruptcy Code, Debtor requests that the relief sought herein shall apply to all providers of Utility Services and not be limited to the entities listed on Exhibit "A". Moreover, some of the entities listed on Exhibit "A" may provide services to Debtor in a capacity other than as a utility. Non-utilities are not entitled to adequate assurance of payment under § 366 of the Bankruptcy Code. Debtor reserve all rights, claims, and defenses with respect to whether the entities listed on Exhibit "A" or any other entity that claims it is a Utility Company are, in fact, "utilities" within the meaning of § 366 of the Bankruptcy Code.

27. Debtor also reserves all rights, claims, and defenses under § 365 of the Bankruptcy Code. Nothing in this Motion shall be deemed a request for approval to assume, or an expression of an intent to assume, any lease or contract with any of the Utilities Companies.

## NOTICE AND PRIOR MOTIONS

28. Notice of this Motion has been provided to the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Northern Division; the holders of the 20 largest unsecured claims; the holders of all secured claims against Debtor; and all parties that have filed a request for notices under Bankruptcy Rule 2002. Considering the nature of relief requested in this Motion, Debtor believes no additional notice is necessary.

29. No previous request for the relief sought herein has been made to this or any other court.

## NUNC PRO TUNC

30. Debtor filed its petition for bankruptcy protection as an emergency petition to stop imminent repossession of several of its trucks and trailers.

31. Since the filing, there has been the occurrence of the 4th of July Holiday; the wife of the Debtor's managing/sole member, Michael Moore, who also maintains the books and records, has suffered from heart issues which ultimately led to a heart surgical procedure, and the undersigned counsel was out of his office for a week for vacation.

32. The above issues have delayed the collection and review of the books and records needed to file what would normally be "first day" motions.

33. The payments to utilities have been made and the entry of an order based upon this motion does not prejudice any utilities.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully request that the Court enter an order (a) approving Debtor's adequate assurance of post-petition payments and deeming the Utility Companies with adequate assurance of payment within the meaning of § 366 of the Bankruptcy Code; (b) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of unpaid prepetition invoices; (c) establishing the Additional Assurance Request Procedures for resolving requests for additional adequate assurance; (d) providing that any Utility Company that does not timely request additional adequate assurance in accordance with the Additional Assurance Request Procedures shall be deemed to have adequate assurance under § 366 of the Bankruptcy Code; (e) providing that, in the event that a Determination Motion is filed, any objecting Utility Company shall be deemed to have adequate assurance of payment under § 366 without the need for payment of additional deposits or other securities until an order of the Court is entered resolving such Determination Motion; and (f) granting such other, further, or different relief as the Court deems just.

Respectfully submitted on August 16, 2019.

/s/Richard L. Collins  
Richard L. Collins  (ASB-8742-C66R)  
Attorney for Debtor  
P. O. Box 669  
Cullman, AL 35056  
(256) 739-1962

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of <u>August, 2019</u> a copy of this pleading was served by placing a copy of the same in the U.S. Mail with postage prepaid and correctly addressed to the following:

Richard Blythe  
Bankruptcy Administrator  
P. O. Box 3045  
Decatur, AL 35602

20 Largest Unsecured Creditors

All parties requesting notice

    /s/ Richard L. Collins
Richard L. Collins

## LIST OF UTILITY PROVIDERS

| Provider | Type | City | State |
|---|---|---|---|
| AT&T | Phone | Atlanta | GA |
| Cullman Electric Coop | Electricity | Cullman | AL |
| VAW | Water | Vinemont | AL |
| Thompson Gas | Propane Gas | Good Hope | AL |

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 19-81991-CRJ11<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Fri Aug 16 16:14:25 CDT 2019 | EvaBank<br>1710 Cherokee Ave Sw<br>Cullman, AL 35055-5333 | In The Wind, LLC<br>P O Box 103<br>Vinemont, AL 35179-0103 |
| U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | **Eva Bank<br>1710 Cherokee Avenue SW<br>Cullman, AL 35055-5333 | **First Community Bank<br>P O Box 249<br>Cullman, AL 35056-0249 |
| **Lendini<br>884 Town Center Drive<br>Langhorne, PA 19047-1748 | **Robbie A. Walker<br>1300 Legion Drive<br>Cullman, AL 35055-2410 | **The McPherson Companies<br>5051 Cardinal St<br>Trussville, AL 35173-1871 |
| Assistant US Bankruptcy Administrator<br>Northern District of Alabama<br>P.O. Box 3045<br>Decatur, AL 35602-3045 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Michael Paul Moore<br>111 Co Rd 1199<br>Cullman, AL 35057-6823 |
| Richard Blythe<br>Bankruptcy Administrator<br>PO Box 3045<br>Decatur, AL 35602-3045 | SAMUEL DAVID KNIGHT<br>BADHAM & BUCK, LLC<br>2001 PARK PLACE N, #500<br>Birmingham, AL 35203-2746 | Secretary of the Treasury<br>1500 Pennsylvania Ave., NW<br>Washington, DC 20220-0001 |
| U.S. Securities and Exchange Commission<br>Reg. Director, Branch of Reorganization<br>Atlanta Regional Office, Suite 900<br>950 East Paces Ferry Road<br>Atlanta, GA 30326-1180 | United States Attorney<br>Northern District of Alabama<br>1801 Fourth Avenue North<br>Birmingham, AL 35203-2101 | United States Bankruptcy Administrator<br>Northern District of Alabama<br>1800 Fifth Avenue North<br>Birmingham, AL 35203-2111 |
| Richard L Collins<br>Richard L. Collins - Attorney at Law<br>P O Box 669<br>Cullman, AL 35056-0669 | Richard M Blythe<br>United States Bankruptcy Administrator<br>PO Box 3045<br>Decatur, AL 35602-3045 | End of Label Matrix<br>Mailable recipients    19<br>Bypassed recipients     0<br>Total                  19 |